MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: dhindman@mcrazlaw.com
irothschild@mcrazlaw.com
ecfbk@mcrazlaw.com

By: David J. Hindman, # 24704
Isaac D. Rothschild, # 25726

Attorneys for MGN Holding, LLC and Jerry Fan

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | Chapter 11 |
|---|---|
| NAUGHTON PLUMBING SALES CO., INC., | No. 4:19-bk-11441-SHG |
| Debtor. | **MOTION TO DISMISS CHAPTER 11 CASE FOR PETITION HAVING BEEN FILED WITHOUT PROPER CORPORATE AUTHORITY** |

MGN Holding, LLC and Jerry Fan ("Fan"), through undersigned counsel, hereby move the Court to dismiss this Chapter 11 case because Debtor Naughton Plumbing Sales Co., Inc.'s ("Debtor", or "Naughton Plumbing") voluntary petition was filed without proper corporate authority and therefore this Court lacks jurisdiction and the bankruptcy case must be dismissed.

## I. FACTUAL BACKGROUND

1. The Debtor, Naughton Plumbing Sales Co., Inc., filed a voluntary Chapter 11 Petition ("Petition") on September 9, 2019. The Debtor previously filed a Chapter 11 petition November 17, 2016 (Case No. 4:16-bk-13201-SHG), but it voluntarily dismissed that case less than two months later.

2. The sole shareholder of the Debtor is Naughton Holding, LLC. MGN Holding, LLC holds 45% of the membership interests in Naughton Holding, LLC, and therefore controls 45% of the equity in the Debtor.

3. Jerry Fan is the principal of MGN Holding, LLC, and is also the principal of Hessaire Products, Inc. ("Hessaire"), and trustee of the Jerry Fan and Lei Bao Living Trust (The "Fan Trust"). Hessaire and the Fan Trust are both secured creditors of the Debtor.

4. The Amended and Restated Bylaws of Naughton Plumbing Sales Co., Inc., adopted as of 12/27/2017, specify that Jerry Fan is to be one of the two Directors of the Debtor:

> "Number. There shall be two persons serving on the board of directors. Pursuant to Article 13 of the shareholder's operating agreement, so long as MGN Holding, LLC, holds a membership interest in [Naughton Holding, LLC] it shall have the unqualified right to appoint one of the directors. As of the effective date of these Bylaws, MGN has appointed Jerry Fan as that director. The other director shall be appointed by the shareholder, which as of the effective date of these Bylaws is Frank Naughton. Each director appointed shall hold office until his or her successor is appointed according to the provisions of these Bylaws."

(Bylaws, Article III, Section 1, attached hereto as Exhibit A).

5. MGN remains a 45% member in Naughton Holding, LLC, the Debtor's sole shareholder, and Jerry Fan remains a Director of the Debtor.

6. The presence of a majority of the directors of the Debtor are required to establish a quorum, and approval by a majority of those directors who are present is required to conduct business:

> "Quorum. A majority of the membership of the board of directors shall constitute a quorum and the concurrence of a majority of those present shall be sufficient to conduct the business of the board, except as may be otherwise specifically provided by statute or by the Articles of Incorporation. If a quorum shall not be present at any meeting of the board of directors, the directors then present may adjourn the meeting to another time or place, without notice other than announcement at the meeting, until a quorum be present."

(Exhibit A, Bylaws at Article III, Section 8)

7. Because a majority of all directors is required to form a quorum, Jerry Fan's participation, as one of only two Directors, is necessary to form a quorum. Furthermore, while a quorum exists, because a majority of all directors present is required to conduct or approve any business, Jerry Fan's participation and consent is necessary to approve any business of the board.

8. The power and authority to file for bankruptcy relief on behalf of Naughton Plumbing is reserved to the corporation's directors:

> "Powers. The business and affairs of the Corporation shall be managed by its board of directors, which may exercise all such powers of the Corporation and do all such lawful acts as are not by statutes, the Articles of Incorporation, or these Bylaws directed or required to be exercised or done by the shareholder. <u>Notwithstanding the foregoing, any decision to liquidate, dissolve or file for bankruptcy relief shall be the exclusive decision of the directors</u>."

(Exhibit A, Bylaws at Article III, Section 2) (*emphasis added*).

9. Jerry Fan did not participate in or approve the filing of the Debtor's bankruptcy petition, and therefore a majority of Directors did not approve the bankruptcy

filing. Because a majority of Directors did not approve the bankruptcy filing, the filing violated the Debtors' Bylaws and was done without corporate authority.

10. Frank W. Naughton signed the Debtor's Petition as President of the Debtor, under penalty of perjury, asserting that he had "been authorized to file this petition on behalf of the debtor." In fact, Jerry Fan did not approve the bankruptcy filing and therefore Mr. Naughton was not authorized to file a Chapter 11 petition for the Debtor.

## II. THERE WAS NO AUTHORITY TO FILE THE BANKRUPTCY CASE, AND THEREFORE THE DEBTOR'S BANKRUPTCY CASE MUST BE DISMISSED

Cause for dismissal exists where a business entity lacks authority to file a bankruptcy petition. *Price v. Gurney*, 324 U.S. 100, 106 (1945); *In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr.D.Ida. 2005) (a bankruptcy case filed by one without authority is improper and must be dismissed). If a court finds lack of corporate authority to file a bankruptcy petition, "it has no alternative but to dismiss the petition." *Price*, 324 U.S. at 106; see also *Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.*, 901 F.3d 1139, 1141 (9th Cir. 2018). If the Court finds that there was not sufficient corporate authority to file the Debtor's petition, then the Court lacks subject matter jurisdiction over this bankruptcy case and has no alternative but to dismiss it. *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). It is well-settled that objections to subject matter jurisdiction may be made at any time and may even be raised and decided by the Court on its own motion if the parties overlook or elect not to press such an objection. *See id.*

State law and the terms of the organization's governing documents control the question of whether the filing of a bankruptcy petition was authorized. *Price*, 324 U.S. at 106; *Oasis at Wild Horse Ranch, LLC v. Sholes* (*In re Oasis at Wild Horse Ranch, LLC*), 2011 Bankr.LEXIS 4314, *26 (9th Cir. BAP, 2011). Here, Naughton Plumbing's Bylaws state that "any decision to… file for bankruptcy relief is the exclusive decision of the

directors", and further provide that a majority of Directors is required for a quorum to be present, as well as a majority of Directors to approve any action. (*See Bylaws, Article III, Sections 2 and 8*). Jerry Fan, one of only two directors for the Debtor, was not present and did not approve Naughton Plumbing's bankruptcy filing. Under the Naughton Plumbing Bylaws there was no quorum and a majority if Directors did not approve the action when Mr. Frank Naughton decided to file the Debtor's Petition, and therefore the bankruptcy filing was done without necessary corporate authority.

The fact that Jerry Fan is the principal and a trustee of certain creditors of Naughton Plumbing does not eliminate the requirement that his approval, as a Director of Naughton Plumbing, was necessary before a bankruptcy filing could be authorized. *See Franchise Servs. of N. Am. v. United States Treas. (In re Franchise Servs. of N. Am.)*, 891 F.3d 198, 203 (5th Cir. 2018) (federal law does prevent a bona fide shareholder from exercising its right to vote against a bankruptcy petition just because it is also a creditor). MGN Holding, a bona fide equity holder in Naughton Holding, LLC, appointed Jerry Fan as a bona fide Director. The failure to obtain Mr. Fan's approval for a bankruptcy filing violated the bylaws of Naughton Plumbing and as a result there was no corporate authority for the bankruptcy filing.

**III. CONCLUSION**

MGN Holding and Jerry Fan respectfully requests the Court dismiss this Debtor's Chapter 11 bankruptcy case. This Debtor lacked corporate authority for its bankruptcy petition to be filed, and therefore the Court lacks subject matter jurisdiction over this Debtor

1 and there is no alternative but to dismiss the bankruptcy case. *Price v. Gurney*, 324 U.S.
2 100, 106 (1945). Accordingly, the Court should grant this Motion and dismiss Debtors'
3 bankruptcy case.

DATED: September 12, 2019.                    MESCH CLARK ROTHSCHILD

By   <u>David J. Hindman, # 24704</u>
    David J. Hindman
    Isaac D. Rothschild
    Attorneys for MGN Holding, LLC
    and Jerry Fan

Notice of Electronic Filing ("NEF")
electronically served on the date of
filing upon the registered CM/ECF
Users herein as evidenced by the NEF.

26J4256

# Exhibit A

# AMENDED AND RESTATED
# BYLAWS OF NAUGHTON PLUMBING SALES CO., INC.
*adopted as of 12/27/2017*

## ARTICLE I OFFICES, CORPORATE SEAL, AND CORPORATE ARTICLES

**Section 1. Principal Place of Business.** The Corporation shall maintain a principal office in Pima County, Arizona.

**Section 2. Other Offices.** The Corporation may also maintain offices at such other place or places, either within or without Arizona, as may be designated from time to time by the board of directors, and the business of the Corporation may be transacted at such other offices with the same effect as that conducted at the principal office.

**Section 3. Corporate Seal.** A corporate seal shall not be requisite to the validity of any instrument executed by or on behalf of the Corporation, but nevertheless if in any instance a corporate seal be used, the same shall be in such form as is attached hereto as Exhibit A.

**Section 4. References to Articles.** Any reference herein made to the Corporation's Articles will be deemed to refer to its Articles of Incorporation and all amendments thereto as at any given time on file with the Arizona Corporation Commission, together with any and all certificates theretofore filed by the Corporation with the Arizona Corporation Commission.

**Section 5. Conflict With Applicable Law or Articles of Incorporation.** These Bylaws are adopted subject to any applicable law and the Articles of Incorporation. Whenever these Bylaws may conflict with any applicable law or the Articles of Incorporation, such conflict shall be resolved in favor of such law or the Articles of Incorporation.

**Section 6. Books and Records.** Any records maintained by the Corporation in the regular course of its business, including its stock ledger, books of account and minute books, may be maintained on any information storage device or method; provided that the records so kept can be converted into clearly legible paper form within a reasonable time. The Corporation shall so convert any records so kept upon the request of any person entitled to inspect such records pursuant to applicable law.

## ARTICLE II SHAREHOLDER

**Section 1. Single Shareholder.** The Corporation has one shareholder, which is Naughton Plumbing, LLC, an Arizona limited liability company (the "shareholder"). The shareholder holds all of the issued shares of common stock (100,000) and shall have such voting rights on those issues submitted to the shareholder's vote by the board of directors. The shareholder is entitled to receive the net assets of the corporation on dissolution.

**Section 2. Meeting.** Annual meetings of the shareholder shall be held on such date and time as shall be designated from time to time by the board of directors. At the annual meeting, the shareholder shall elect directors (if necessary) and transact such other business as may properly be brought before the meetings.

**Section 3. Stock Transfer Restriction.** The shareholder neither shall have power to transfer, pledge, sell or otherwise dispose of any of the shares of the common stock of the corporation, except in accordance with the provisions of shareholder's operating agreement concerning the disposition of assets.

## ARTICLE III DIRECTORS

**Section 1. Number.** There shall be two persons serving on the board of directors. Pursuant to Article 13 of the shareholder's operating agreement, so long as MGN Holding, LLC ("MGN"), holds a membership interest in shareholder, it shall have the

00358867.2                                          1

unqualified right to appoint one of the directors. As of the effective date of these Bylaws, MGN has appointed Jerry Fan as that director. The other director shall be appointed by the shareholder, which as of effective date of these Bylaws is Frank Naughton. Each director appointed shall hold office until his or her successor is appointed according to the provisions of these Bylaws.

**Section 2. Powers.** The business and affairs of the Corporation shall be managed by its board of directors, which may exercise all such powers of the Corporation and do all such lawful acts as are not by statute, the Articles of Incorporation, or these Bylaws directed or required to be exercised or done by the shareholder. Notwithstanding the foregoing, any decision to liquidate, dissolve or file for bankruptcy relief shall be the exclusive decision of the directors.

**Section 4. Place of Meetings.** The board of directors of the Corporation may hold meetings, both regular and special, either within or without Arizona, and may be held by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other.

**Section 5. Annual Meetings.** The regular annual meeting of each newly elected board of directors shall be held immediately following the annual meeting of shareholders and in the same place as the annual meeting of shareholders, and no notice to the newly elected directors of such meeting shall be necessary in order legally to hold the meeting, providing all such directors were present at the annual shareholders' meeting and a quorum shall be present. In the event such meeting is not held, the meeting may be held at such time and place as shall be specified in a notice given as hereinafter provided for special meetings of the board of directors, or as shall be specified in a written waiver by all of the directors.

**Section 6. Regular Meetings.** Regular meetings of the board of directors may be held without notice at such time and at such place as shall from time to time be determined by the board.

**Section 7. Special Meetings.** Special meetings of the board may be called by the chairman of the board, the president or the secretary on two days' notice to each director, either personally, by mail, by telegram, or by telephone; special meetings shall be called by the president or secretary in like manner and on like notice on the written request of two directors.

**Section 8. Quorum.** A majority of the membership of the board of directors shall constitute a quorum and the concurrence of a majority of those present shall be sufficient to conduct the business of the board, except as may be otherwise specifically provided by statute or by the Articles of Incorporation. If a quorum shall not be present at any meeting of the board of directors, the directors then present may adjourn the meeting to another time or place, without notice other than announcement at the meeting, until a quorum be present.

**Section 9. Action without Meeting.** Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any action required or permitted to be taken at any meeting of the board of directors or of any committee thereof may be taken without a meeting, if all members of the board or committee consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the board or committee.

00358867.2

2

Section 11. Compensation. The directors may be paid their expenses, if any, of attendance at each meeting of the board of directors or a stated salary as director. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefor. Members of special or standing committees may be allowed like compensation for attending committee meetings. The amount or rate of such compensation of members of the board of directors or of committees shall be established by the board of directors and shall be set forth in the minutes of the board.

Section 12. Waiver of Notice. Attendance of a director at a meeting shall constitute waiver of notice of such meeting, except when the person attends the meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Any director may waive notice of any annual, regular, or special meeting of directors by executing a written notice of waiver either before or after the time of the meeting.

## ARTICLE IV OFFICERS

Section 1. Designation of Titles. The officers of the Corporation shall be chosen by the board of directors and may, but need not, include a president, a vice-president, a secretary, a treasurer, a chairman of the board, additional vice-presidents, and one or more assistant secretaries and assistant treasurers. Any number of offices may be held by the same person, unless the Articles of Incorporation otherwise provide. If only one person is serving as an officer of this corporation, he or she shall be deemed to be president and secretary.

Section 2. Appointment of Officers. The board of directors at its first meeting after each annual meeting of shareholders shall choose the officers of the corporation, each of whom shall serve at the pleasure of the board of directors. The board of directors at any time may appoint such other officers and agents as it shall deem necessary to hold offices at the pleasure of the board of directors and to exercise such powers and perform such duties as shall be determined from time to time by the board.

Section 3. Salaries. The salaries of the officers shall be fixed from time to time by the board of directors, and no officer shall be prevented from receiving such salary by reason of the fact that he is also a director of the Corporation. The salaries of the officers or the rate by which salaries are fixed shall be set forth in the minutes of the meetings of the board of directors.

Section 4. Vacancies. A vacancy in any office because of death, resignation, removal, disqualification, or otherwise may be filled by the board of directors at any time.

Section 5. Chairman of the Board. The board of directors may elect a chairman to serve as a general executive officer of the Corporation, and, if specifically designated as such by the board, as chief executive officer of the Corporation. The chairman of the board, if one shall have been appointed and be serving, shall preside at all meetings of the board of directors and shareholders unless the chairman defers to the president to do so and shall perform such other duties as from time to time may be assigned to him or her.

Section 6. President. The president shall preside at all meetings of shareholders upon deferral by the chairman of the board, and if a chairman of the board shall not have been appointed or, having been appointed, shall not be serving or be absent, the president shall preside at all meetings of the board of directors. Unless the chairman of the board has been specifically designated as chief executive officer by the board of directors, the president shall serve as chief executive officer of the Corporation. He or she shall sign all deeds and conveyances, all contracts and agreements, and all other instruments requiring execution on behalf of the Corporation, and shall act as operating and directing head of the Corporation, subject to policies established by the board of directors.

**Section 7. <u>Vice-Presidents</u>.** There shall be as many vice-presidents as shall be determined by the board of directors from time to time, and they shall perform such duties as from time to time may be assigned to them. Any one of the vice-presidents, as authorized by the board, shall have all the powers and perform all the duties of the president in case of the temporary absence of the president or in case of his or her temporary inability to act. In case of the permanent absence or inability of the president to act, the office shall be declared vacant by the board of directors and a successor chosen by the board.

**Section 8. <u>Secretary</u>.** The secretary shall see that the minutes of all meetings of shareholders, of the board of directors, and of any standing committees are kept. The secretary shall be the custodian of the corporate seal and shall affix it to all proper instruments when appropriate. The secretary shall have charge of all of the books and records of the Corporation except the books of accounts, and in general shall perform all the duties incident to the office of secretary of a Corporation and such other duties as may be assigned.

**Section 9. <u>Treasurer</u>.** The treasurer, if there is one, shall have general custody of all the funds and securities of the Corporation except such as may be required by law to be deposited with any state official. The treasurer shall see to the deposit of the funds of the Corporation in such bank or banks as the board of directors shall designate. Regular books of account shall be kept under the treasurer's direction and supervision, and the treasurer shall render financial statements to the president, directors, and shareholders at proper times. The treasurer shall have charge of the preparation and filing of such reports, financial statements, and returns as may be required by law. The treasurer shall give to the Corporation such fidelity bond as may be required and the premium therefor shall be paid by the Corporation as an operating expense. If there is no treasurer, the duties of the treasurer shall be performed by the secretary.

**Section 10. <u>Assistant Secretaries</u>.** There may be such number of assistant secretaries as from time to time the board of directors may fix, and such persons shall perform such functions as from time to time may be assigned to them. No assistant secretary shall have power or authority to collect, account for, or pay over any tax imposed by any federal, state, or city government.

**Section 11. <u>Assistant Treasurers</u>.** There may be such number of assistant treasurers as from time to time the board of directors may fix, and such persons shall perform such functions as from time to time may be assigned to them. No assistant treasurer shall have power or authority to collect, account for, or pay over any tax imposed by any federal, state, or city government.

### ARTICLE V STOCK CERTIFICATES

**Section 1. <u>Issuance</u>.** Shares of the corporation need not be represented by certificates. Upon authorization of issuance by the board of directors and payment in full, the books of the corporation shall reflect the issuance of the shares, the number, class and series of such shares, the owner thereof and the owner's address, plus any restrictions on the transferability of such shares.

**Section 2. <u>Ownership</u>.** The Corporation will be entitled to treat the registered owner of any share as the absolute owner thereof and, accordingly, will not be bound to recognize any beneficial, equitable or other claim to, or interest in, such share of the part of any other person, whether or not it has notice thereof, except as otherwise may expressly be provided by statute.

**Section 3. <u>Transfers</u>.** Transfers of shares will be made on the books of the Corporation only at the written direction of the person named on the books of the corporation as owner (or by such person's duly authorized attorney-in-fact).

00358867.2                             4

Case 4:19-bk-11441-SHG    Doc 10    Filed 09/12/19    Entered 09/12/19 10:13:00    Desc
Main Document    Page 11 of 16

## ARTICLE VI DIVIDENDS

The Board of Directors may from time to time declare, and the Corporation may pay, dividends on its outstanding shares in the manner and upon the terms and conditions provided by law and its Articles of Incorporation; provided, however, that no dividends shall be paid until the conditions in Section 2 of Addendum A, have been met.

## ARTICLE VII INDEMNIFICATION

Each director and officer of the Corporation now or hereafter serving as such shall be indemnified by the Corporation against any and all claims and liabilities to which he or she has or may become subject by reason of serving or having served as such director or officer, or by reason of any action alleged to have been taken, omitted, or neglected as such director or officer and the corporation shall reimburse each such person for all legal expenses reasonably incurred in connection with any such claim or liability or wrong payment made by him or her in satisfaction of such claim or claims, either by compromise or in satisfaction of a judgment. No such person shall be indemnified against, or be reimbursed for any expense or payment incurred in connection with or any claim or liability established to have risen out of his or her own willful misconduct or gross negligence. The right of indemnification herein shall not be exclusive of any right to which any director or officer of the Corporation may otherwise be entitled by law.

## ARTICLE VIII MISCELLANEOUS PROVISIONS

**Section 1. Repeal, Alteration and Amendment.** These Bylaws may be repealed, altered or amended or substitute Bylaws may be adopted at any time by a majority of the board of directors or by a majority vote of the shareholders entitled to vote thereon.

**Section 2. Voting of Securities Owned by Corporation.** Unless otherwise provided by resolution of the board of directors, the president or any person nominated by the president from time to time, shall be the attorney and proxy of this corporation to vote any shares of stock or other security interests held by this corporation in any other corporation, partnership, limited liability company or other business entity at any meeting of security holders of such corporation or entity or to consent to the taking of any action by such corporation, and to waive notice of any meeting to consider any matter.

**Section 3. Incorporated Addendum.** Attached hereto and incorporated by reference is Addendum A, which contains certain shareholder agreements described in the *Unanimous Consent to Corporate Actions in Lieu of a Special Meeting of the Board of Directors and Shareholders of Naughton Plumbing Sales Co., Inc., an Arizona Corporation*, which was executed as of December 22, 2017, and which has been placed in the Corporation's minutes.

**Section 4. Prior Agreement Superseded.** These Amended and Restated Bylaws, upon adoption and ratification by the board of directors, shall supersede and replace in their entirety any and all other Bylaws of the Corporation that have previously been adopted by the board of directors, as the same may have been amended or restated from time to time.

By signing below, the shareholder and directors of the Corporation unanimously consent and resolve to adopt these Bylaws and to make them effective as of December 27, 2017.

DIRECTORS: *(signed)*
Frank W. Naughton

_____
Jerry Fan

SHAREHOLDER:
Naughton Holdings, LLC,
an Arizona limited liability company

By: *(signed)*
Frank W. Naughton, Manager

00358867.2                            5

## CERTIFICATE

The undersigned hereby certifies that the foregoing Bylaws have been duly adopted by the board of directors, that they include all amendments adopted through this date, and that they have not been further amended, rescinded or repealed, and are currently in effect.

Dated: May 22, 2018         _Elizabeth W. [Signature]_, Secretary

00358867.2                                    6

**EXHIBIT A
CORPORATE SEAL**

(See attached)

00358867.2

7

# ADDENDUM A
# SHAREHOLDER AGREEMENTS

1. <u>Definitions</u>. As used in this <u>Addendum A</u>, the following terms have the meanings attributed to them below:

"**Current Assets**" means cash and cash equivalents, accounts receivable, inventory and prepaid expenses, determined in accordance with the same accounting methods, practices, principles, policies and procedures, with consistent classifications, judgments and valuation and estimation methodologies that are used in the preparation of the Corporation's financial statements.

"**Current Liabilities**" means accounts payable, accrued taxes and accrued expenses, determined in accordance the same accounting methods, practices, principles, policies and procedures, with consistent classifications, judgments and valuation and estimation methodologies that that are used in the preparation of the Corporation's financial statements.

"**RLC**" means that certain Promissory Note – Revolving Line of Credit, of even date herewith, in the face amount of $1,500,000.00, executed by the Corporation to the order of Lender (as defined below), which is secured by (i) that certain Security Agreement of even date herewith executed by the Corporation, as pledgor, to Lender, as secured party creating a lien on certain personal property described therein, and (ii) those certain Second Lien Deeds of Trust, Assignment of Rents, Security Agreement and Fixture Filing of even date herewith, each from FWN, as trustor, to Lender, as beneficiary, creating a second priority lien on those certain real properties described on Exhibit A attached thereto.

"**Term Notes**" means, collectively, (a) that certain Promissory Note – Term Loan A, of even date herewith, in the face amount of $3,352,147.98, executed by FWN Investments, L.L.C., an Arizona limited liability company ("**FWN**"), to the order of JERRY FAN and LEI BAO, Trustees of the Jerry Fan and Lei Bao Living Trust dated October 7, 2009, and any amendments thereto ("**Lender**"), which is secured by that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing of even date herewith from FWN, as trustor, to Lender, as beneficiary, creating a lien on those certain real properties described on Exhibit A attached thereto; and (b) that certain Promissory Note – Term Loan B, of even date herewith, in the face amount of $1,408,999.31, executed by FWN to the order of Lender, which is secured by that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing of even date herewith from FWN, as trustor, to Lender, as beneficiary, creating a lien on those certain real properties described on Exhibit A attached thereto.

"**Frank**" means Frank W. Naughton, in his capacity as President of the Corporation.

"**Net Working Capital**" means (a) the Current Assets of the Company, less (b) the Current Liabilities of the Company, determined as of the end of each month.

2. <u>Dividends</u>. The Corporation shall not pay dividends during any time that all of the following conditions are not met:

   a. There is less than a $3.5 Million aggregate balance owing on the Term Notes;
   b. There has been at least three (3) consecutive months of positive Net Working Capital; and
   c. The outstanding, unpaid balance of the RLC is less than $500k.

3. <u>Management-Spending Limits</u>. The following expenditures and obligations shall require prior unanimous director approval:

   a. Purchase orders in an amount greater than $50,000, per vendor in any 30-day period;
   b. Other expenditures in amounts greater than $10,000, including (but not limited to) capital expenditures, capital improvements.
   c. Draws from the RLC more than $200,000;
   d. Long-term financing obligations, leases, and real property purchases.

00358867.2                                  8

4. <u>President/CEO Salary</u>. Frank's salary for services performed as an employee/officer shall not exceed $150,000 annually until:
    a. There is less than a $3.5 Million aggregate balance owing on the Term Notes;
    b. There has been at least three (3) consecutive months of positive Net Working Capital; and
    c. The outstanding unpaid balance of the RLC is less than $500k.

00358867.2                                          9