# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

### Hearing Information:

| | |
|---|---|
| Debtor: | NAUGHTON PLUMBING SALES CO., INC. |
| Case Number: | 4:19-BK-11441-SHG    Chapter: 11 |
| Date / Time / Room: | WEDNESDAY, SEPTEMBER 25, 2019 02:00 PM   COURTROOM 329 |
| Bankruptcy Judge: | SCOTT H. GAN |
| Courtroom Clerk: | TERESA MATTINGLY |
| Reporter / ECR: | ALICIA JOHNS |

### Matter:

EXPEDITED HEARING ON MOTION TO DISMISS CASE (for Petition Having Been Filed Without Proper Corporate Authority)   FILED BY DAVID JEFFREY HINDMAN OF MESCH CLARK & ROTHSCHILD PC ON BEHALF OF JERRY FAN, MGN HOLDING, LLC .

R / M #:   12 / 0

### Appearances:

JOHN C SMITH, ATTORNEY FOR NAUGHTON PLUMBING SALES CO., INC., FWN INVESTMENTS LLC, AND NAUGHTON CONSTRUCTION
FRANK AND BETH NAUGHTON, PRESENT IN COURTROOM
DAVID HINDMAN, ATTORNEY FOR JERRY FAN AND MGN HOLDING LLC

# Minute Entry

(continue)...     4:19-BK-11441-SHG          WEDNESDAY, SEPTEMBER 25, 2019 02:00 PM

## *Proceedings:*

Mr. Hindman argues that there were two directors and under the bylaws of Naughton Plumbing, it specifically required the approval of a majority of the directors, meaning both directors, for a bankruptcy filing by Naughton Plumbing. As of the petition date there was not approval of both directors, in fact the Debtors admitted they did not seek approval from the second director and that Mr. Naughton unilaterally filed the bankruptcy petition. Case law cited in the motion is clear that when there is no corporate authority to file a bankruptcy case then there is no jurisdiction and the bankruptcy case must be dismissed.

The Court asks Mr. Hindman whether there is a lack of jurisdiction or a defect in the bankruptcy filing.

Mr. Hindman cites to the U.S. Supreme Court case Price vs Gurney which says if the court finds a lack of corporate authority to file a bankruptcy petition, then it has no alternative but to dismiss the petition.

The Court engages in discussion with Mr. Hindman about whether ratification is allowed or not.

Mr. Hindman cannot speak to the New Mexico cases that Mr. Smith cited to with respect to ratification as he did not have an opportunity to review them all.

The Court is interested in whether the Naughton Holdings LLC operating agreement provides the ability of that entity to alter the bylaws of the Debtor.

Mr. Hindman addresses what the agreement provides for.

The Court inquires as to how the membership is defined.

Mr. Hindman understands the operating agreement to say that it is based on membership interests or units. Such that Mr. and Mrs. Naughton would control 55% of the interest and his client would control 45%.

The Court inquires whether there is a requirement that it be a majority or something more than a majority of the membership units.

Mr. Hindman responds that for certain actions it may be a simple majority, but many other actions require a super majority which the operating agreement defines as two thirds of the membership units entitled to vote.

The Court asks what type of action would require a super majority.

Mr. Hindman responds that the operating agreement contains a long list of actions of various types which would need a super majority with respect to Naughton Holdings LLC. A super majority is needed to authorize or approve of any voluntary petition in bankruptcy not just for the holding company but also with respect to its assets. He believes the only asset of the holding company is Naughton Plumbing. He argues the protections afforded to his client as a minority shareholder. The issues of amending the bylaws to strip Mr. Fan's right out of Naughton Plumbing can't be submitted to any shareholder.

Mr. Smith has copies of the operating agreement and bylaws which he presents for the Court's convenience. He thinks if the movant is going to challenge the ratification that will need to be further briefed.

Mr. Hindman has copies of both documents.

The Court addresses a housekeeping matter. It points out that the notice set the response deadline and informs Mr. Smith that if he needed additional time to file something, then a request for extension should have been filed.

Mr. Smith argues that the provisions of the bylaws have been repealed under Section 1, Article 8 of the miscellaneous

Page 2 of 3

Case 4:19-bk-11441-SHG    Doc 83    Filed 09/25/19    Entered 10/03/19 15:03:49    Desc
Main Document      Page 2 of 3                10/03/2019    3:03:27PM

provisions. The majority shareholder based on the operating agreement is Frank and Elizabeth Naughton at 55 units. They are the majority shareholder that is entitled to amend the agreements. Frank Naughton is the director of Naughton Holding LLC and there are four pages illuminating the power of Mr. Naughton as director. It is Mr. Smith's position that the powers of the manager allowed Mr. Naughton to direct what the child organization could do. He rebutts that Mr. Fan has been removed as a Director. Mrs. Naughton was added as a Director. Section 7 was amended to reflect that special meetings of the board of directors may be called by the chairman of the board, the President or Secretary at any time or on two-days' notice. The action was taken but notice was still provided to Mr. Fan under the old bylaws prior to the amendment.

The Court understands counsel's argument to be that the Court is to look behind the shareholder to see who are the members of the shareholder and then look to see who the majority members are and use that as a basis for the majority shareholder to take action with respect to the bylaws.

Mr. Smith agrees with the Court's assessment. His client has the majority of that one shareholder and has the right to take those actions. They had the right to ratify. He would like to flesh out the issues about whether ratification was proper.

The Court engages in discussion with Mr. Smith about whether the operating agreement of the shareholder gives authorization to a majority of its shareholders and who are the members of the LLC.

Mr. Smith responds to the Court's inquiries accordingly.

Mr. Hindman addresses the issue of notice about a directors' meeting. He reviews the notice and argues that notice was received after the fact so that his client could not participate. There is a further meeting scheduled which he thinks is an after the fact action. Regarding Exhibit A to Mr. Smith's opposition, Mr. Hindman thinks it is essentially meeting minutes of Naughton Holding LLC saying that the members of Naughton Holding LLC say they would like to amend the bylaws of Naughton Plumbing LLC. He thinks there needed to be a shareholder meeting for Naughton Plumbing LLC where the amendments to the bylaws were approved. He would argue there have been no amendments to the bylaws.

The Court asks questions to clarify Mr. Hindman's argument.

At 3:01 p.m. the Court is in recess and at 3:18 p.m. it reconvenes.

The Court believes the operating agreement is a critical part of the record.

COURT:  MR. SMITH IS TO FILE A COPY OF THE OPERATING AGREEMENT FOR NAUGHTON HOLDING LLC AS A SUPPLEMENT TO THE DEBTORS' OPPOSITION TO THE MOTION SO THAT IT IS PART OF THE RECORD. THE MATTER IS TAKEN UNDER ADVISEMENT.  AT THE HEARING ON OCTOBER 2, 2019 THE COURT WILL ISSUE AN ORAL RULING OR ASK FOR ADDITIONAL BRIEFING.

The matter stands at recess.